STATE EX REL. LANTZ ET AL., RESPONDENTS, *v.* MORRIS ET AL., APPELLANTS.

(No. 8,266.)

(Submitted March 3, 1942. Decided March 26, 1942.)

[126 Pac. (2d) 1104.]

194

*Mr. T. W. Carolan, Mr. D. L. O'Hern* and *Mr. J. J. McIntosh,* for Appellants, submitted an original and a reply brief; *Mr. O'Hern* and *Mr. McIntosh* argued the cause orally.

*Mr. E. E. Fenton,* for Respondents, submitted an original and a supplemental brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment granting a peremptory writ of mandate. The case is a companion case to No. 8256, this day decided. There is, in Rosebud county, School District No. 4, purporting to embrace three distinct territorial units. One of these embraces the territory in which is situated the city of Forsyth, designated as 4; the second unit is many miles north of Forsyth, designated as 4-A; and the third many miles south of Forsyth, designated as 4-B. Each unit is non-contiguous to the others; School Districts Nos. 32 and 3 border upon unit 4-B, as do four other school districts. The territory embraced in 4-B is on an Indian reservation and is inhabited by Indian families with about 200 Indian children. The Indians living in this isolated tract presented petitions to the county superintendent of schools, asking that the segment be divided and attached to adjoining districts Nos. 3 and 32. The county superintendent gave notice of a hearing of the petitions, but, before the hearing was had, advised counsel for the petitioners that the petitions were not sufficient, since the Indian signers were not freeholders, as required by section 1024, Revised Codes. This decision was appealed to the board of county commissioners, which sustained the decision of the superintendent.

Relators are the trustees of School Districts Nos. 3 and 32,

and appear for themselves as taxpayers and also as officers of the two school districts. The defendants are the county commissioners of Rosebud county and the county superintendent of schools. School District No. 4 and its trustees intervened.

The purpose of the action is to compel the county commissioners and superintendent to vacate their previous orders and to compel the superintendent to proceed to a hearing on the merits of the petitions. The district court granted the application for the writ, and defendants and interveners appealed from the judgment.

We have held in the companion case, No. 8256, that unit 4-B ▉ is not a part of District No. 4. No contention is made that it is part of any other district. It must be treated as territory not embraced in any school district. By section 406 of Chapter 76, Laws of 1913, it was provided in part: ''That lands lying contiguous to a district and not attached to any district, shall be attached to an adjacent district by the county superintendent of his own motion.'' Chapter 112, Laws of 1915, amended section 406 of Chapter 76, Laws of 1913, by adding at the end of the paragraph the following proviso: ''That all districts shall consist of contiguous territory.'' Both of these quoted portions of Chapters 76 and 112 are now a part of section 1024, Revised Codes.

Since the unit 4-B is no part of any school district, it is the duty of the county superintendent of his own motion to attach it to an adjacent district or districts. This duty is mandatory, and it does not require a petition on the part of anyone as a condition precedent.

Much argument is contained in the briefs as to whether the signers of the petitions in question are freeholders, but it is unnecessary to determine that point.

The county superintendent is duty bound to attach 4-B to an adjacent district or districts. The fact that 4-B is inhabited by Indians and is on an Indian reservation does not alter the rule. By section 1204 it is contemplated that Indian lands

shall be in a school district and the Indian children counted in apportioning school moneys.

Contrary to the contention of appellants, relators are beneficially interested in having the territory annexed to one or more of the adjacent districts. The fact alone that relators are taxpayers is a sufficient interest to enable them to resort to the courts to compel the performance of a duty enjoined by law, where, as here, it affects the public interest. (*State ex rel. School District* v. *Trumper*, 69 Mont. 468, 222 Pac. 1064.) Furthermore, because of the command of section 1024 that the county superintendent attach lands not attached to any district to an adjacent district, and relators being two of the six adjacent districts, they are entitled to bring the action to compel the county superintendent to perform the statutory duty.

The district court has commanded the county superintendent to hear the petitions on their merits. The court was right in so doing, since the county superintendent has a discretion as to which of the adjacent districts the unit, or any part thereof, shall be attached. The hearing should be confined to the sole question as to how much of 4-B shall be attached to any one or more of the adjacent districts, or whether all of it should be attached to one adjacent district. There is no discretion, however, in the county superintendent to determine whether the territory shall be attached to any adjacent district. Discretion in that regard has been settled by the legislature.

Appellants contend that since section 1023, Revised Codes, prohibits the changing of boundaries of school districts between March 1st and July 1st of any calendar year, the defendants may not be compelled to act now in effecting such change. The record discloses that the petition to have the territory in 4-B attached to adjoining districts was brought on for hearing and was denied on February 17, 1940. The district court entered judgment on February 24, 1941. In disposing of this point the court stated in its findings: "Holding, as I do, that the petitioning Indians are freeholders, and that their petitions should have been heard on February 17, 1940, it is my

opinion that the county superintendent has jurisdiction to consider the petitions on their merits even though the time fixed by him for the hearings thereon is after March 1." The court in its judgment directed the defendant county superintendent to hold a hearing on the merits of the petitions and directed that "defendant make and date his order granting or denying each of said petitions as of the 17th day of February, 1940." The court was right in ordering the defendant county superintendent to act on the petitions as of February 17, 1940, and no contention is made that the court erred in so doing. To hold otherwise would in effect allow defendant to profit by the delay incident to unsuccessful litigation. By compelling the superintendent to act on the petitions as of the time he should have acted on them there is no violation of section 1023, since his action, whenever done, will not be as of that date but will relate back to February 17, 1940.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and ANDERSON concur.

MR. JUSTICE MORRIS: I dissent.

Rehearing denied May 27, 1942.